## Case No. 3,586.

### Ex parte DAVENPORT.

### In re FORTUNE.

[1 Lowell, 384;[1] 3 N. B. R. 312 (Quarto, 83).]

District Court, D. Massachusetts. Oct. Term, 1869.

BANKRUPTCY—PROOF OF CLAIMS—ASSIGNED CLAIMS.

1. The assignee of a chose in action not negotiable, may prove it against the estate of the debtor in bankruptcy upon his own deposition, without adding the deposition of his assignor.

[Cited in Re Strachan, Case No. 13,519.]

2. The deposition should show the name of the original creditor, in order to enable the assignee in bankruptcy to compare the debt with the books and accounts of the bankrupt.

3. If, as matter of form, the proof should stand in the name of the assignor, the assignee has all the rights of a creditor in the bankruptcy, including the right to take any action in the name of his assignor, but at his own expense, that may be necessary.

LOWELL, District Judge. One Davenport presented for proof against the bankrupt's estate an account for goods sold to the bankrupt by one Hovey, which account was duly assigned to Davenport, for value, before the bankruptcy. The deposition of Davenport only was produced. The register disallowed the proof, and two others offered under like circumstances; and, at the request of the parties, certified to me the question, whether they should have been allowed. The depositions are not sent up; but I understand them to have been sufficient in form, and that they were thought defective in substance because Hovey gave no deposition.

The important powers and rights given to creditors in bankruptcy in relation to the course of proceedings are to be exercised by the real creditor. No doubt could be entertained that the person entitled to vote for assignee, and to examine the debtor, and to oppose or assent to his discharge, is the assignee for value of a chose in action, and not his assignor. For though the assignor may be in some sort a trustee by necessity, for the person to whom he has transferred the debt, yet he has the merest technical title, with no real power over the debt in any court.

I suppose the question intended to be submitted is, whether the assignor must not join in the deposition before such a debt shall be admitted to proof. The English practice has been so, and the reason given for it is that the assignor should certify whether he has any security. 1 Cooke, Bankr. Laws (3d Ed.) c. 6, § 6, p. 182; 1 Griff. & H. Bankr. Laws, 714. So in the case of a trustee and cestui que trust, it is usual for both parties to join. But under our law it seems to me to be sufficient that the true and bonâ fide holder of the debt at the time of the bankruptcy should make the affidavit; such is the fair interpretation of the sections upon this subject; and the oath is so full and searching as to include all satisfaction and security held or received by the affiant or by any other person, in respect to the debt affirmed to; and there would seem no reason why the assignor should be joined in the case of a debt not negotiable at common law, more than of one that is negotiable. It is a question of fact, whether the debt has been paid or secured, in whole or in part, and a question as to which pertinent evidence is always admissible. But the prima facie case is made out by the affidavit of the real creditor.

As to the matter of form, however, it is proper to say that perhaps an appeal to the circuit court from the disallowance of such a claim, ought by analogy to the rule of the common law still prevailing here, to be taken in the name of the original creditor, and it would be right, in all cases, that the fact of the assignment, and its date, &c., should appear in the affidavit and in the record, in order that questions of set-off and security should be met and decided upon a full knowledge of all facts.

My answer is, that a deposition by an assignee for value, before bankruptcy, of a chose in action, is sufficient to entitle him to prove his debt, and to be considered the creditor in respect to such debt, to all intents and for all purposes. That his deposition should show the fact and date of the transfer, and the name of the original creditor, and that such assignee of a chose in action, so proving, should have the right to take any such action in the cause in the name of his assignor, but at his own expense, as he may be advised. Certificate accordingly.